**Case No. 24-2174**

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| JAMES SPRINGER, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| vs. | ) |
| | ) |
| SEVENTH JUDICIAL DISTRICT | ) |
| COURT, *et al.*, | ) |
| | ) |
| Defendants-Appellees. | ) |

On Appeal from the United States District Court
For the District of New Mexico
The Honorable U.S. District Judge Margaret Strickland
D.C. No. 1:23-cv-00499-MIS-JMR

**APPELLEES' RESPONSE BRIEF**

Respectfully Submitted,

Bryan C. Garcia
Rodney L. Gabaldón
Garcia Law Group, LLC
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
*Attorneys for Defendants-Appellees*

March 17, 2025          ***Oral Argument Not Requested***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF PRIOR OR RELATED APPEALS ........................................... vi

GLOSSARY OF ABBREVIATIONS & ACRONYMS ........................................ vi

STATEMENT OF THE ISSUES .................................................................1

STATEMENT OF THE CASE .....................................................................1

    Relevant Facts ....................................................................................1

    Procedural History................................................................................2

SUMMARY OF THE ARGUMENT ...........................................................3

ARGUMENT ........................................................................................4

    I. Standard of Review...........................................................................4

    II. The District Court correctly dismissed Mr. Springer's claims for injunctive relief as barred by judicial immunity, which precludes suits against judges and court staff who issue or implement court management orders, and by 28 U.S.C. § 1983. ..........................................................................5

        A. The Seventh Judicial District Officers are judicially and quasi-judicially immune from suit for their actions enacting or executing Administrative Orders for the protection of court premises. ...........................................5

        B. Section 1983 prevents Mr. Springer from seeking injunctive relief against the Seventh Judicial District Officers.......................................10

    III. The District Court correctly dismissed Mr. Springer's claims for past and prospective declaratory relief because they sought an unavailable remedy and were improperly plead against state officers in their official capacities. ....................................................................................11

IV. The District Court correctly dismissed Mr. Springer's state law claim
   because the New Mexico Civil Rights Act did not waive Eleventh
   Amendment sovereign immunity and does not permit claims thereunder to
   be brought in federal court. .........................................................................14

CONCLUSION .........................................................................................................18

CERTIFICATE OF SERVICE ..................................................................................19

CERTIFICATE OF COMPLIANCE ........................................................................20

CERTIFICATE OF DIGITAL SUBMISSION .........................................................21

# TABLE OF AUTHORITIES

## CASES

*Bell v. Manspeaker*,
　34 F. App'x 637 (10th Cir. 2002) (unpublished) ....................................................6

*Bishop v. John Doe 1*,
　902 F.2d 809 (10th Cir. 1990) ..................................................................................17

*Burlington N. & Santa Fe Ry. Co. v. Grant*,
　505 F.3d 1013 (10th Cir. 2007) ................................................................................17

*Cameron v. Seitz*,
　38 F.3d 264 (6th Cir. 1994) .......................................................................................6

*Chilcoat v. San Juan Cnty.*,
　41 F.4th 1196 (10th Cir. 2022) ................................................................................11

*Collins v. Daniels*,
　916 F.3d 1302 (10th Cir. 2019) ................................................................................4

*Guttman v. Khalsa*,
　446 F.3d 1027 (10th Cir. 2006) ................................................................................7

*Kazarinoff v. Wilson*,
　Civil Action No. 1:22-cv-02385-PAB-SKC, 2023 WL 9183661 (D. Colo. Nov.
　21, 2023) ....................................................................................................................6

*Lapides v. Bd. of Regents of Univ. Sys. of Ga.*,
　535 U.S. 613 (2002) .................................................................................................17

*Lawrence v. Kuenhold*,
　271 F. App'x 763 (10th Cir. 2008) (unpublished) ..................................................11

*Lerwill v. Joslin*,
　712 F.2d 435 (10th Cir. 1983) ...................................................................................7

*Martinez v. Winner*,
   771 F.2d 424 (10th Cir. 1985) ................................................................6

*Mescalero Apache Tribe v. New Mexico*,
   131 F.3d 1379 (10th Cir. 1997) ..........................................................15

*Mireles v. Waco*,
   502 U.S. 9 (1991) .................................................................................5

*Port Auth. Trans-Hudson Corp. v. Feeney*,
   495 U.S. 299 (1990) ...........................................................................15

*Sheppard v. Maxwell*,
   384 U.S. 333 (1966) .............................................................................6

*Sossamon v. Texas*,
   563 U.S. 277 (2011) ..................................................................... 14, 15

*Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*,
   520 F.3d 1183 (10th Cir. 2008) ............................................................7

*Stevens v. Osuna*,
   877 F.3d 1293 (11th Cir. 2017) ............................................................6

*Stump v. Sparkman*,
   435 U.S. 349 (1978) .........................................................................5, 7

*Supreme Court of Virginia v. Consumers Union of U.S., Inc.*,
   446 U.S. 719 (1980) ...........................................................................10

*Trackwell v. U.S. Gov't*,
   472 F.3d 1242 (10th Cir. 2007) ............................................................8

*Turney v. O'Toole*,
   898 F.2d 1470 (10th Cir. 1990) ............................................................7

*Whitesel v. Segenberger*,
   222 F.3d 861 (10th Cir. 2000) .................................................................5, 7

*Williams v. Utah Dep't of Corr.*,
   928 F.3d 1209 (10th Cir. 2019) ............................................................14

## STATUTES

42 U.S.C. § 1983 .........................................................................................5, 10

NMSA 1978, § 34-6-21 ..............................................................................17

NMSA 1978, § 41-4-1 *et seq.* ............................................................. 15, 17

NMSA 1978, § 41-4A-1 *et seq.* ...............................................................14

NMSA 1978, § 41-4A-10 ............................................................................16

NMSA 1978, § 41-4A-3(B) .........................................................................16

NMSA 1978, § 41-4A-9 ...............................................................................16

## OTHER

U.S. Const. amend. XI .................................................................................14

New Mexico Rules Annotated, Rule 23-109(B) .........................................8

## STATEMENT OF PRIOR OR RELATED APPEALS

Pursuant to Rule 28.2(C)(3) of the Rules of Court for the United States Court of Appeals for the Tenth Circuit, Appellees state there are two prior related appeals: No. 23-2158, an interlocutory appeal regarding denial of a preliminary injunction, and No. 24-2087, which was dismissed for lack of jurisdiction as an appeal of a non-final order.

## GLOSSARY OF ABBREVIATIONS & ACRONYMS

| | |
|---|---|
| Appellant's Appendix | Aplt. App. |
| Appellees New Mexico Seventh Judicial District Court, Chief Judge Mercedes Murphy, Judge Shannon Murdock-Poff, Court Executive Officer Jason Jones, and court clerk Susan Rossignol | Seventh Judicial District |
| Appellees Chief Judge Mercedes Murphy, Judge Shannon Murdock-Poff, Court Executive Officer Jason Jones, and court clerk Susan Rossignol | Seventh Judicial District Officers |
| New Mexico Civil Rights Act | NMCRA |
| New Mexico Tort Claims Act | NMTCA |

Through the undersigned counsel, the New Mexico Seventh Judicial District Court, Chief Judge Mercedes Murphy, Judge Shannon Murdock-Poff, Court Executive Officer Jason Jones, and court clerk Susan Rossignol (collectively hereafter, "the Seventh Judicial District") respond to Appellant's Opening Brief as follows:

## STATEMENT OF THE ISSUES

Regarding Mr. Springer's Statement of the Issues (Appellant Br. at 1), the Seventh Judicial District notes the District Court's *Order Dismissing Second Amended Complaint* (hereafter "Dismissal Order") dismissed only Mr. Springer's claims for injunctive relief under judicial and quasi-judicial immunity. Aplt. App. 173. Mr. Springer's claims for declaratory relief were properly dismissed for failure to state a claim (Aplt. App. 174, 175) and, in the interest of completeness, are addressed under Section III of the Argument, *infra*.

## STATEMENT OF THE CASE

### Relevant Facts

The Seventh Judicial District notes Mr. Springer's Statement of the Facts (Appellant Br. at 3-5) appears in large part to be a duplication of the facts as presented in the District Court's Dismissal Order. Aplt. App. 162-66. Rather than reiterate those facts, the Seventh Judicial District incorporates the "Background" section of the Dismissal Order by reference here. *Id.*

1

## Procedural History

Mr. Springer filed his *2ⁿᵈ Amended Complaint for Declaratory and Injunctive Relief for Civil Rights Violations under 42 U.S.C.A. §1983; Violations of Rights Protected by the New Mexico Civil Rights Act;* [sic] ("Second Amended Complaint") in the United States District Court for the District of New Mexico on February 21, 2024. Aplt. App. 74-88. On May 1, 2024, based on its *sua sponte* review of the record, the District Court ordered Plaintiff to show cause why his Complaint should not be dismissed for (1) failure to state a claim due to judicial immunity, quasi-judicial immunity, and because his requests for injunctive relief were made against the Seventh Judicial District Officers in their individual capacities only and (2) lack of subject matter jurisdiction due to Eleventh Amendment sovereign immunity. Aplt. App. 140, 142. Pursuant to the District Court's *Order to Show Cause*, both Mr. Springer and the Seventh Judicial District submitted briefing. Aplt. App. 144-161.

On May 31, 2024, the District Court entered its *Order Dismissing Second Amended Complaint* ("Dismissal Order"). Aplt. App. 162-180. The District Court dismissed with prejudice Mr. Springer's claims for injunctive relief under Counts I, II, and III on the basis of judicial and quasi-judicial immunity (Aplt. App. 173, 179) and his claims for retrospective declaratory relief under Counts I, II, and III for failure to state a claim (Aplt. App. 174, 179). The District Court dismissed without prejudice Mr. Springer's New Mexico Civil Rights Act (NMCRA) claim under

Count IV on the basis of Eleventh Amendment sovereign immunity (Aplt. App. 179) and his claims for prospective declaratory relief under Counts I, II, and III for failure to state a claim (Aplt. App. 176), granting leave to bring amended claims against Chief Judge Murphy in her official capacity within fourteen (14) days following entry of the Dismissal Order. Aplt. App. 176, 179-80. Mr. Springer did not amend his Complaint, electing to instead file an appeal (Case No. 24-2087) that was ultimately dismissed for lack of jurisdiction. Upon remand, Mr. Springer chose to stand on his Second Amended Complaint, and the District Court entered its *Final Judgment* on November 1, 2024. Aplt. App. 181. Mr. Springer filed a *Notice of Appeal* on November 22, 2024. *See* James Springer's *Docketing Statement*, Doc. 7 at 1.

## SUMMARY OF THE ARGUMENT

The District Court properly dismissed Mr. Springer's claims against the New Mexico Seventh Judicial District Court, Chief Judge Mercedes Murphy, Judge Shannon Murdock-Poff, Court Executive Officer Jason Jones, and court clerk Susan Rossignol (collectively hereafter, "the Seventh Judicial District"). Mr. Springer's claims for injunctive relief are barred because Chief Judge Murphy's Administrative Orders limiting Mr. Springer's access to the Seventh Judicial District courthouses were judicial acts protected by judicial and quasi-judicial immunity, and 42 U.S.C. § 1983 precludes injunctive relief against a judicial officer. Mr. Springer failed to

3

state claims upon which declaratory relief may be granted because declaratory judgments are not a remedy for past conduct and prospective declaratory relief is not available against state officers sued in their individual capacities. Mr. Springer's *Second Amended Complaint* only brought claims against the Seventh Judicial District Officers in their individual capacities, and he declined to file an amended complaint to assert claims for prospective declaratory relief against Chief Judge Murphy in her official capacity despite receiving express leave to do so. Mr. Springer's New Mexico Civil Rights Act claim is barred for lack of federal subject matter jurisdiction because the Act does not waive New Mexico's Eleventh Amendment sovereign immunity, and claims under the Act may only be brought in state court. This Court should affirm District Judge Strickland's Dismissal Order.

## ARGUMENT

### I.    Standard of Review

The District Court's dismissal based on judicial immunity and Eleventh Amendment sovereign immunity is subject to *de novo* review. *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (citing *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) and *Lundahl v. Zimmer*, 296 F.3d 936, 938 (10th Cir. 2002)). The Seventh Judicial District agrees with Mr. Springer that dismissal for failure to state a claim is likewise subject to *de novo* review.

**II.    The District Court correctly dismissed Mr. Springer's claims for injunctive relief as barred by judicial immunity, which precludes suits against judges and court staff who issue or implement court management orders, and by 28 U.S.C. § 1983.**

Judicial immunity, quasi-judicial immunity, and the plain language of 42 U.S.C. § 1983 foreclose Mr. Springer's claims for injunctive relief from the Seventh Judicial District's Administrative Orders and actions. Judges are "absolutely immune from liability for [their] judicial acts," which are "function[s] normally performed by a judge, and to the expectations of the parties." *Stump v. Sparkman*, 435 U.S. 349, 359, 362 (1978). "[P]ersons other than a judge" who act as the judge's "official aid[s]" are similarly protected by quasi-judicial immunity. *Whitesel v. Segenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citation omitted). And "in any action brought against a judicial officer . . . injunctive relief shall not be granted . . .." 42 U.S.C. § 1983. The Seventh Judicial District Officers are entitled to immunity.

**A. The Seventh Judicial District Officers are judicially and quasi-judicially immune from suit for their actions enacting or executing Administrative Orders to protect court premises.**

"[J]udicial immunity is an immunity from suit" that protects all but two kinds of actions: non-judicial acts "not taken in the judge's judicial capacity" and acts that are "judicial in nature" but "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Neither exception applies here.

Courthouse management, including removing or barring an individual from a courthouse, falls within a judge's judicial capacity and is protected by judicial and

5

quasi-judicial immunity. "[T]he courtroom and courthouse premises are subject to the control of the court." *Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966); *see also Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985) (judges are "ultimately responsible" for court control and security); *Bell v. Manspeaker*, 34 F. App'x 637, 641 (10th Cir. 2002) ("the power to control court security is essential to the court's dispute resolution function"). This control includes the power to manage who may, or may not, appear before a judge or even in a courthouse. *See Kazarinoff v. Wilson*, Civil Action No. 1:22-cv-02385-PAB-SKC, 2023 WL 9183661, at *5 (D. Colo. Nov. 21, 2023) (judicial immunity protected Chief Judge who issued administrative order preventing plaintiffs from entering the courthouse); *Stevens v. Osuna*, 877 F.3d 1293, 1305-06 (11th Cir. 2017) (judge's barring of attorney from courtroom and courthouse was a judicial act); *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) (barring admittance to the courtroom was a judicial act). Further, "an act may be administrative or ministerial for some purposes and still be a 'judicial' act for purposes of immunity." *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985) (Chief Judge who "had the responsibility to insure that the [court's] rules are followed" was immune from suit over case assignment and court security decisions). Therefore, a judge who takes administrative action to control or protect court premises commits a judicial act protected by judicial immunity.

For purposes of immunity, a judge's jurisdiction is broadly construed. *See Stump*, 435 U.S. at 356-57. "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability . . . [only] when [s]he has acted in the clear absence of all jurisdiction." *Id.* Even "allegedly unconstitutional acts" may be judicial ones, *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008), and a judge retains immunity for acts that are "merely in excess of [her] jurisdiction" or for which she has "at least a semblance of subject matter jurisdiction." *Lerwill v. Joslin*, 712 F.2d 435, 438-39 (10th Cir. 1983) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351-52 (1872) and citing *Stump*, 435 U.S. 349). So long as some legal authority, such as a constitutional or statutory provision, invests a court with "jurisdiction over the subject matter in question," a judge "does not act in the clear absence of all jurisdiction." *Stein*, 520 F.3d at 1195.

Furthermore, the "immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Whitesel v. Segenberger*, 222 F.3d at 867 (citing *Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1287 (10th Cir. 1989)). "Official[s] charged with the duty of executing a facially valid court order enjoy[ ] absolute immunity from liability" under § 1983. *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (quoting *Valdez*, 878 F.2d at 128); *see also Guttman v. Khalsa*,

7

446 F.3d 1027, 1033 (10th Cir. 2006) ("quasi-judicial" immunity is absolute immunity from suit). Likewise, "when a court clerk assists a court or judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative immunity." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th Cir. 2007) (collecting cases). Under quasi-judicial immunity, judicial staff who put a judge's administrative order into effect are immune from suit.

Chief Judge Murphy and Judge Murdock-Poff are judicially immune because they took judicial action within their jurisdiction over court premises. As Chief Judge, Judge Murphy had "administrative responsibility" for the Seventh Judicial District, including the responsibility to "exercise general supervision, coordination, and direction of business of the court," "implement and monitor compliance with all [court] policies, rules, and regulations," and "perform such other administrative and substantive functions as are necessary for the efficient operations of the court on a day-to-day basis." Rule 23-109(B) NMRA (Chief Judges, Duties and Responsibilities). When Judge Murphy issued her Administrative Orders limiting Mr. Springer's "disruptive and threatening" presence in Seventh Judicial District courthouses for the "safety and security" of court personnel, she took judicial action pursuant to her inherent responsibility and statutorily granted jurisdiction to keep the court secure. Aplt. App. 77-79, 89-92 (Second Amended Complaint), 162-164 (Dismissal Order). Judge Murdock-Poff likewise took judicial action to protect the

8

court when she prevented Mr. Springer from attending hearings that did not require his appearance, in compliance with Chief Judge Murphy's Administrative Order. Aplt. App. 79 (Second Amended Complaint).

Even if Chief Judge Murphy's administrative orders and Judge Murdock-Poff's enforcement efforts were motivated by malice against Mr. Springer and allegedly unconstitutional, which Appellants expressly dispute, their actions were not taken "in the clear absence of all jurisdiction." Under both the common law and the law of New Mexico, judges have "at least a semblance" of jurisdiction over the secure and effective operation of their courthouses. Judges Murphy and Murdock-Poff are entitled to judicial immunity.

Court Executive Officer Jones and court clerk Rossignol are quasi-judicially immune because they assisted the court in executing and discharging administrative orders regarding court security. Jones discharged Chief Judge Murphy's Administrative Orders by issuing cover letters to accompany the Orders and effectuate their delivery to Mr. Springer. Aplt. App. 78-79 (Second Amended Complaint). Rossignol executed Chief Judge Murphy's Administrative Orders when she required a police escort for Mr. Springer upon his entry to the Estancia District Courthouse. Aplt. App. 80 (Second Amended Complaint). As judicial staff tasked with assisting the Chief Judge in the discharge of her judicial functions to protect and secure court premises, Jones and Rossignol are entitled to quasi-judicial

immunity. The district court properly dismissed Mr. Springer's claims for injunctive relief on immunity grounds.

### B. Section 1983 prevents Mr. Springer from seeking injunctive relief against the Seventh Judicial District Officers.

The plain language of § 1983 also bars Mr. Springer's claims for injunctive relief. "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (as amended by Pub. L. 104-317, title III, § 309(c), Oct. 19, 1996).

Mr. Springer relies on *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719 (1980) for the proposition that judicial officers may be sued for injunctive relief. Appellant Br. at 9. That reliance is misplaced. The 1996 amendments to § 1983 superseded *Supreme Court of Virginia* and preclude most injunctive relief against judicial officers. 42 U.S.C. § 1983 (". . . in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Mr. Springer also claims "Appellees, here, were proper defendants in their official capacity," (Appellant Br. at 9), but Mr. Springer sued the Seventh Judicial District Officers in their individual, rather than official, capacities. Aplt. App. 75-76 (Second Amended Complaint); 142 (Show Cause Order). The Seventh Judicial District did not violate (and Mr. Springer

did not allege) any existing declaratory decree, and declaratory relief was not unavailable. Mr. Springer was granted leave to amend his Complaint a third time to assert a claim for prospective declaratory relief against Chief Judge Murphy in her official capacity, but he instead elected to pursue this appeal. Aplt. App. 180 (Dismissal Order); 181 (Final Judgment). Under § 1983's plain language, Mr. Springer's claims for injunctive relief from Chief Judge Murphy's Administrative Orders must fail.

## III. The District Court correctly dismissed Mr. Springer's claims for past and prospective declaratory relief because they sought an unavailable remedy and were improperly plead against state officers in their official capacities.

Mr. Springer failed to state valid claims for declaratory relief because such relief is not a proper remedy for past conduct and he sued the Seventh Judicial District officials in their individual capacities. "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) (unpublished) (citing *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J. concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable.")). "Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022) (citing *Brown v. Montoya*, 662 F.3d 1152, 1161

11

n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.")).

Contrary to Mr. Springer's Statement of the Issues, his claims for declaratory relief were not dismissed due to judicial immunity, but for failure to state a claim.[1] To the extent Mr. Springer sought declaratory judgment on the propriety of Chief Judge Murphy's Administrative Orders and the actions of Judge Murdock-Poff, Court Executive Officer Jones, and court clerk Rossignol based on those Orders, his claims were non-justiciable attempts to obtain a proclamation of liability for past acts. The district court properly dismissed those claims.

To the extent Mr. Springer sought declaratory judgment regarding his rights moving forward, he simply failed to assert those claims against the Seventh Judicial District Officers in the required capacity. Mr. Springer alleges Appellees "were proper defendants in their official capacity." Appellant Br. at 9. This may well be true, but Mr. Springer did not sue any Seventh Judicial District Officers in their official capacity. Mr. Springer sued Chief Judge Murphy, Judge Murdock-Poff,

---

[1] *Compare* Appellant Br. at 1 ("Did the district court err in dismissing Plaintiff's Section 1983 claims for <u>declaratory</u> and injunctive relief only under judicial immunity?") (emphasis added) *with* Judge Strickland's Dismissal Order, Aplt. App. 173 (dismissing <u>injunctive</u> claims under judicial and quasi-judicial immunity), 175 (dismissing "claims seeking a declaration of past liability . . . for failure to state a claim"), 176 (dismissing without prejudice claims for "prospective declaratory relief . . . for failure to state a claim") (emphasis added).

Court Executive Officer Jones, and court clerk Rossignol in their individual capacities,[2] sought and received permission to file a third amended complaint bringing official-capacity claims instead,[3] and elected, twice, to pursue an appeal rather than amend his Complaint.[4] Mr. Springer's brief refers in passing to a lack of procedural due process or appellate remedy (Appellant Br. at 7, 9, 15), but in doing so ignores a simple fact: he could have pursued *prospective* declaratory relief against Chief Judge Murphy in her *official* capacity. Mr. Springer does not face a Gordian knot of incurable harm, but rather the consequences of his own failure to properly plead his claims and refusal to amend his complaint to assert valid causes of action. The District Court properly dismissed Mr. Springer's attempts to sue the Seventh Judicial District Officers for declaratory relief in their individual capacities.

---

[2] *See* Second Amended Complaint, Aplt. App. 74 (suing "the individually named Defendants acting in their individual capacities"), 75-76 (suing the named defendants "for actions taken individually").

[3] *See* Mr. Springer's *Response to Court's Order to Show Cause ECF Doc. No. 111*, Aplt. App. 145-46 ("Plaintiff will willingly amend his complaint to note that individual defendants are sued for their actions taken in their official capacities"); Dismissal Order, Aplt. App. 176, 180 (granting Mr. Springer leave to amend his First Amendment viewpoint discrimination, First Amendment retaliation, and procedural due process claims to name Chief Judge Murphy in her official capacity).

[4] *See Final Judgment*, Aplt. App. 181 (noting Tenth Circuit's dismissal of prior appeal and Mr. Springer's "announced . . . intention to stand on his Second Amended Complaint" and "request[]" for "a final order or judgment").

**IV.    The District Court correctly dismissed Mr. Springer's state law claim because the New Mexico Civil Rights Act did not waive Eleventh Amendment sovereign immunity and does not permit claims thereunder to be brought in federal court.**

Mr. Springer cannot pursue his claim for state constitutional deprivations under the New Mexico Civil Rights Act (NMCRA), NMSA 1978, § 41-4A-1 *et seq.*, in federal court because the NMCRA does not clearly and unequivocally waive New Mexico's Eleventh Amendment sovereign immunity. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment bars suits in federal court against a nonconsenting state brought by the state's own citizens," including suits brought against "arms of the state [or] state officials who are sued for damages in their official capacity." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (citations omitted). Eleventh Amendment immunity precludes federal subject matter jurisdiction. *Id.*

Although a State may "choose to waive its immunity in federal court," the "test for determining whether a State has [done so] is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (citing *Clark v. Barnard*, 108 U.S. 436, 447-48 (1883) and quoting *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675, 680 (1999)). Waivers are "strictly construed, in

14

terms of [their] scope, in favor of the sovereign." *Id.* at 285 (quoting *Lane v. Peña*, 518 U.S. 187, 192 (1996)). "A State does not waive Eleventh Amendment immunity by consenting to suit only in its own courts," and state statutes do not waive immunity unless they "specify the State's intention to subject itself to suit in federal court." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990) (citing *Florida Dept. of Health & Rehabilitation Services v. Florida Nursing Home Assn.*, 450 U.S. 147, 150 (1981) and quoting *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985)). "A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Sossamon*, 563 U.S. at 284 (quoting *Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89, 99 (1984)).

Furthermore, "general state sovereign immunity and Eleventh Amendment immunity" are distinct; a statutory immunity waiver permitting suits in state court "is not enough to waive the immunity guaranteed by the Eleventh Amendment." *Mescalero Apache Tribe v. New Mexico*, 131 F.3d 1379, 1384 (10th Cir. 1997) (quoting *Atascadero*, 473 U.S. at 241). "[A] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Id.* (emphasis in original).

15

The New Mexico Civil Rights Act does not "unequivocally express" an intention to subject New Mexico or its public bodies to suit in federal court or waive Eleventh Amendment sovereign immunity. Instead:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body <u>may maintain an action</u> to establish liability and recover actual damages and equitable or injunctive relief <u>in any New Mexico district court</u>.

NMSA 1978, § 41-4A-3(B) (emphasis added). Because the statute contains no clear waiver of immunity consenting to federal court jurisdiction, NMCRA claims may only be brought in New Mexico's state district courts.

Mr. Springer is correct that, under the Act, "[t]he state shall not have sovereign immunity for itself or any public body" and "shall not assert sovereign immunity as a defense or bar to an [NMCRA] action." Appellant Br. at 12 (quoting NMSA 1978, § 41-4A-9). But under *Mescalero*, this waiver of *general* sovereign immunity, which applies to NMCRA cases properly brought in New Mexico state court, is not enough to waive *Eleventh Amendment* sovereign immunity or submit the Seventh Judicial District Court to federal jurisdiction. The NMCRA itself acknowledges there are multiple types of immunity: Section 41-4A-9's "waiver of sovereign immunity . . . shall not abrogate judicial immunity, legislative immunity or any other constitutional, statutory or common law immunity." NMSA 1978, § 41-4A-10. Without an

16

unequivocal waiver, the Seventh Judicial District Court, as an "agency of the judicial department of the state government" under NMSA 1978, § 34-6-21, is entitled to Eleventh Amendment immunity from NMCRA suits brought in federal court. Mr. Springer's NMCRA claim was properly dismissed.

In conducting its Eleventh Amendment analysis, the District Court appropriately analogized to case law discussing the New Mexico Tort Claims Act (NMTCA), which permits tort claims against the state pursuant only to specific, limited waivers of immunity. NMSA 1978, § 41-4-1 *et seq.* Mr. Springer states, without citation, "it is well understood that" the District Court could have exercised supplemental jurisdiction over his NMCRA claim "just like in Tort Claims Act claims." Appellant Br. at 12; *see Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1031 (10th Cir. 2007) (refusing to address argument because party "failed to provide arguments or authorities in support of" its position). But a federal court <u>may not</u> exercise supplemental jurisdiction over an NMTCA claim unless a state defendant consents to suit, such as by removal. *See Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) (affirming dismissal because New Mexico's consent to suit under the NMTCA "is limited to actions commenced in the state district courts"); *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002) (a state voluntarily invokes federal court jurisdiction when it agrees to remove a case to federal court). The same analysis should apply to Mr. Springer's NMCRA claim.

17

Mr. Springer filed suit in federal court, the NMCRA (like the NMTCA) does not expressly permit federal court jurisdiction, and no voluntary invocation or statutory waiver occurred. The District Court properly dismissed Mr. Springer's NMCRA claim for lack of subject matter jurisdiction due to Eleventh Amendment immunity.

## CONCLUSION

The District Court correctly dismissed Mr. Springer's injunctive relief claims due to judicial immunity, quasi-judicial immunity, and the requirements of § 1983; his declaratory relief claims for failure to assert a justiciable remedy or plead against any court officers in their official capacities; and his New Mexico Civil Rights Act claim based on Eleventh Amendment sovereign immunity. This Court should affirm.

Respectfully Submitted,

*/s/ Bryan C. Garcia*
Bryan C. Garcia
Rodney L. Gabaldón
GARCIA LAW GROUP, LLC
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576
bgarcia@garcialawgroupllc.com
rgabaldon@garcialawgroupllc.com
*Attorneys for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March 2025, I filed the foregoing electronically through the Tenth Circuit's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

A. Blair Dunn
400 Gold Ave. SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
(505) 226-8500
abdunn@ablairdunn-esq.com

Zach Cook
1202 Sudderth #425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

*Attorneys for Plaintiff-Appellant*

*/s/ Bryan C. Garcia*
Bryan C. Garcia

19

## CERTIFICATE OF COMPLIANCE

**1.** This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f):

[X]    this document contains 4,368 words.

**2.** This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X]    this document has been prepared in a proportionally spaced typeface using Microsoft Word for Windows (2024) in 14 point Times New Roman font.

Date: March 17, 2025

*/s/ Bryan C. Garcia*
Bryan C. Garcia
GARCIA LAW GROUP, LLC
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576
bgarcia@garcialawgroupllc.com
*Attorneys for Defendants-Appellees*

## CERTIFICATE OF DIGITAL SUBMISSION

Pursuant to the 10th Circuit ECF User's Manual, Section II.J, I hereby certify with respect to the foregoing document that:

1. All required privacy redactions have been made pursuant to 10th Cir. R. 25.5; and

2. The digital submission has been scanned for viruses with the most recent version of Microsoft Windows Defender Antivirus Version 1.425.73.0, updated March 17, 2025 and, according to this program, is free of viruses.

Date: March 17, 2025

*/s/ Bryan C. Garcia*
Bryan C. Garcia
*Attorney for Defendants-Appellees*