# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## 24-2174

### JAMES SPRINGER

**Plaintiff-Appellant**

v.

### SEVENTH JUDICIAL DISTRICT COURT, et al.,

**Defendants-Appellees.**

**Appeal from the United States District Court
For the District of New Mexico
No. 1:23-CV-00499-MIS-JMR**

### APPELLANT'S REPLY BRIEF

| | |
|---|---|
| A. Blair Dunn, Esq.<br>WESTERN AGRICULTURE,<br>RESOURCE AND BUSINESS<br>ADVOCATES, LLP<br>400 Gold Ave SW, Suite 1000<br>Albuquerque, NM 87102<br>(505) 750-3060<br>abdunn@ablairdunn-esq.com | Zachary J. Cook, Esq.<br>ZACH COOK, LLC<br>1703 Sudderth #425, Ste 5<br>Ruidoso, NM 88345<br>(575) 937-7644<br>zach@zachcook.com |

*Attorneys for Plaintiff-Appellant*

***Oral Argument Requested***

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

ARGUMENT ........................................................................................................ 1

    A. Eleventh Amendment Sovereign Immunity is Waived ................................ 1

    B. Prospective Declaratory Relief is What was Sought and is Appropriate ...... 2

CONCLUSION ..................................................................................................... 3

CERTIFICATE OF COMPLIANCE .................................................................... 5

CERTIFICATE OF DIGITAL SUBMISSION ..................................................... 5

CERTIFICATE OF SERVICE .............................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Tafoya v. New Mexico*,
517 F.Supp.3d 1250 (2021) ...............................................................................1

*Virginia Office for Protection and Advocacy v. Stewart*,
563 U.S. 247 (2011)...................................................................................... 1,2

**Statutes and Rules**

NMSA 1978 § 41-4A-9……………………………………………………….15,16

# ARGUMENT

**A. Eleventh Amendment Sovereign Immunity is Waived.**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI

Very simply, for some reason the District Court and the Appellees in their Response brief, continue to grapple with the notion that Eleventh Amendment immunity is a specific form of sovereign immunity that protects states from being sued in federal court without their consent. This principle is rooted in the broader concept of state sovereign immunity, which predates the Eleventh Amendment and is considered a fundamental aspect of state sovereignty. *Tafoya v. New Mexico*, 517 F.Supp.3d 1250 (2021). The Supreme Court has held that the Eleventh Amendment confirms the inherent sovereign immunity of states, which was not abrogated by the Constitution's Article III jurisdictional grants. *Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247 (2011). However, there are exceptions to this immunity. States can waive their Eleventh Amendment immunity (as New Mexico has specifically done here), and Congress can abrogate it through legislation enacted under certain constitutional provisions, such as the Fourteenth Amendment. *Id.* In summary, the Eleventh Amendment immunity is a specific manifestation of the

broader doctrine of state sovereign immunity, which protects states from being sued without their consent. This immunity can be waived by the state or abrogated by Congress under specific constitutional provisions. *See Advocacy v. Stewart*, 563 U.S. 247 (2011). In fact, as was pointed out in the briefing below and in the Appellant's Opening Brief, the New Mexico Legislature specifically addressed sovereign immunity in terms of the Civil Rights Act and waived it stating that:

> The state shall not have sovereign immunity for itself or any public body within the state for claims brought pursuant to the New Mexico Civil Rights Act, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

NMSA 1978 § 41-4A-9. The state of New Mexico has specifically waived sovereign immunity and argument that the Appellants New Mexico Civil Rights Act claims are barred by the Eleventh Amendment should gain no purchase.

**B. Prospective Declaratory Relief is What was Sought and is Appropriate.**

Appellees states that Appellant "…declined to file an amended complaint to assert claims for prospective declaratory relief…" (Response at 11). However, that is not exactly the case, as Appellant had already pleaded in the Amended Complaint "Plaintiff has been able to successfully appeal the actions to censor his speech and press, but upon information and belief, understand that that Defendants will continue to undertake these actions censor Plaintiff's reporting and speech unless enjoined by this Court." (Aplt App 082). Appellant stated that "Plaintiff suffered injuries

2

consisting of deprivation of a Constitutional Right, Plaintiff seeks declaratory relief and injunctive relief to halt the continuation of these deprivations." (Aplt App 083). Appellant again requests prospective relieve in Paragraph 41 of the Second Amended Complaint and states: "Defendants' actions constitute deprivations of those rights out of retaliation for their exercise designed to chill a person of ordinary firmness from continuing to exercise those rights to speech, press and petitioning." (Aplt App 084). Appellant properly requested prospective relief from the District Court, as the violations alleged by the Appellant have a continuous effect, and without proper relief produce a chilling effect on the Appellants Constitutional rights.

## CONCLUSION

The Court should reverse and remand the matter back to district court, cautioning the district court against further inter-judicial advocacy on behalf of Appellees.

Respectfully submitted this April 7, 2025.

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

By: */s/ A. Blair Dunn*
A. Blair Dunn, Esq.
400 Gold Ave. SW, Suite 1000
Albuquerque, NM 87102
Telephone: (505) 750-3060
Facsimile: (505) 226-8500
Email: abdunn@ablairdunn-esq.com

3

Zach Cook, LLC

By:*/s/ Zach Cook*
Zach Cook, Esq.
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
 Email: zach@zachcook.com

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that the foregoing complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 642 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a)(7)(B) (iii). This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 14-point Times New Roman.

## CERTIFICATE OF DIGITAL SUBMISSION

Pursuant to the 10th Circuit ECF User's Manual, Section II.J, I hereby certify with respect to the foregoing document, that:

1) All required privacy redactions have been made per 10th Cir. R. 25.5;

2) Required hard copies will be filed with the court upon acceptance; and

3) The digital submission has been scanned for viruses with the most recent version of Microsoft Windows Defendant Antivirus Version: 1.421.1876.0 updated Feb. 13, 2025 and according to this program is free of viruses.

## CERTIFICATE OF SERVICE

I, A. Blair Dunn, hereby certify that on April 7, 2025, I caused to be served a copy of the foregoing upon parties of record electronically via email.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.